# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

J.R. ALLEN                                         CIVIL ACTION NO.

VERSUS                                             13-CV-48-SDD-RLB

MC OFFSHORE PETROLEUM, LLC

## RULING

This matter is before the Court on the *Rule 60 Motion for Relief from Judgment or Order*[1] filed by Defendant Chapman Consulting ("Chapman"). Third-party Plaintiff Acadiana Production Services, Inc. ("APSI") has filed an *Opposition*[2] to this motion, to which Chapman filed a *Reply*.[3] Chapman's motion seeks relief from the Court's previous *Ruling*[4] and *Judgment*[5] granting summary judgment in favor of MC Offshore Petroleum, LLC ("MC Offshore") and Chapman and dismissing Plaintiff J.R. Allen's claims with prejudice. Prior to this *Ruling*, APSI filed a *Motion for Summary Judgment*[6] on Chapman's third-party complaint for indemnification pursuant to the Master Service Contract. Chapman challenges only the Court's grant of APSI's *Motion for Summary Judgment*, which the Court granted as essentially moot since the Court was dismissing the main demand against Chapman.

---

[1] Rec. Doc. No. 52.
[2] Rec. Doc. No. 55.
[3] Rec. Doc. No. 56.
[4] Rec. Doc. No. 50.
[5] Rec. Doc. No. 51.
[6] Rec. Doc. No. 32.

**I.     BACKGROUND**

Plaintiff, an employee of APSI, sued MC Offshore and Chapman for injuries he sustained while working onboard MC Offshore's Green Canyon 52-CPP platform on March 30, 2012. Plaintiff claimed that MC Offshore and Chapman were liable to him under several theories of negligence. The Court granted the summary judgment motions of both MC Offshore and Chapman finding both Defendants to be free from fault under all theories advanced and subsequently granted APSI's *Motion for Summary Judgment* as well.[7] However, the Court noted in the *Ruling* that: "the Court would have denied APSI's motion on the finding that the Louisiana Oilfield Indemnification Act ("LOIA") does not apply to this case under the test set forth by the Fifth Circuit in *Transcontinental Gas Pipeline Corp. v. Transportation Insurance Co.*, 953 F.2d 985 (5th Cir. 1992)."[8]

Chapman seeks relief under Rule 60(b) arguing that the Court should not have dismissed its third party demand against APSI because, having been found free from fault on Plaintiff's claim, Chapman is entitled to contractual defense and indemnity from APSI pursuant to the terms of the Master Service Contract. As such, Chapman contends it is entitled to seek defense costs from APSI incurred in defending Plaintiff's claims.

APSI opposes this motion arguing only that the Court's *Ruling* was procedurally correct under Rule 14 of the Federal Rules of Civil Procedure in that, once the original claims fell, the third-party demand must fall as well.

---

[7] *Ruling*, Rec. Doc. No. 50.
[8] *Id.* at fn 103.

## II.     RULE 60(b) RELIEF FROM JUDGMENT

Rule 60(b) of the Federal Rules of Civil Procedure permits a court to relieve a party from a final judgment, order, or proceeding for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."

"Several factors shape the framework of the court's consideration of a 60(b) motion: '(1) That final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to do substantial justice; (4) whether the motion was made within a reasonable time; (5) whether—if the judgment was a default or a dismissal in which there was no consideration of the merits—the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether there are any intervening equities that would make it inequitable to grant relief; and (7) any other factors relevant to the justice of the judgment under attack.'"[9]

---

[9] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.,* 6 F.3d 350, 356 (5th Cir. 1993)(quoting *Seven Elves v. Eskenazi*, 635 F.2d 396, 402 (5th Cir.1981)); *see also Crutcher v. Aetna Life Ins. Co.*, 746 F.2d 1076, 1082 (5th Cir.1984).

### III. THE MASTER SERVICE CONTRACT

To recover defense costs from APSI, Chapman must first show a contractual obligation on the part of APSI to indemnify Chapman. Chapman contends that, at all times relating to Plaintiff's accident, APSI was working for MC Offshore pursuant to a Master Service Contract ("MSC") dated October 6, 2010.[10] Chapman further contends that, pursuant to the MSC, MC Offshore and its contractors are entitled to certain contractual defense and indemnity from APSI, and are entitled to be included as additional insureds on various policies of insurance required to be maintained by APSI. The specific provisions relied upon by Chapman are as follows:

> 7.1 <u>Definitions.</u> For purposes of this Contract, the terms "CONTRACTOR GROUP" means individually and collectively CONTRACTOR and its parent, subsidiary and affiliated companies, joint-venturers, co-lessees, underwriters, CONTRACTOR'S subcontractors of any tier, CONTRACTOR'S boats, aircraft, equipment, and their owners, operators, pilots, master and crew, and its and all of their respective employees, agents, representatives, and insurers. Similarly, the term "COMPANY GROUP" means individually and collectively COMPANY and its parent, subsidiaries, affiliated companies, joint-venturers, co-lessees, underwriters, clients, customers and COMPANY'S contractors and subcontractors of any tier (with the exception of CONTRACTOR GROUP), and its and all of their respective employees, agents, representatives, partners, co-venturers, co-lessees, and insurers. …
>
> 7.4 <u>Contractor's Indemnification of Company Group.</u> Contractor shall release Company Group of any liability for, and shall protect, defend, indemnify, and save Company Group harmless from and against all Claims and without regard to the cause or causes thereof or the negligence of any Party or Parties, arising in connection herewith on account of bodily injury, illness, death of or the loss of or damage to property of any member of the Contractor Group. Contractor's indemnity shall be with regard to and without any right of contribution from any insurance maintained by Company pursuant to Section 6.1.

---

[10] Rec. Doc. No. 37-2.

Chapman contends that Section 6.1 requires APSI to maintain certain policies of insurance while the MSC is in effect. These types of insurance are listed in Exhibit "A" to the MSC and include Commercial General Liability insurance. Exhibit "A" also provides the following:

> Contractor shall name Company Group as additional insured on all policies of insurance (except Worker's Compensation), covering exposures for which Contractor as indemnitor has agreed to indemnify Company Group, including but not limited to exposure for actions taken by the additional insured as Company and as Owner/Operator of Company's facilities on or near which Contractor's employees shall perform work. The full cost of adding Company Group as named additional insured under such policies shall be borne by the Company and paid directly to the insurer by Company and no material portion of this cost shall be borne by the Contractor. The costs thereof shall be separate and apart from and in addition to any other Company payment contemplated in the contract price and shall not be part of any consideration or obligation to Contractor. It shall be the sole responsibility of the Contractor to ensure that Company is timely invoiced for full premium costs with respect to the adding of the Company Group as named insureds on Contractor's insurance policies. It shall further be the sole responsibility of Contractor and/or its brokers, agents or underwriters to calculate the additional premiums owed to add Company Group as additional named insureds, and to further warrant that no material portion of the cost of adding the Company Group as additional named insureds is borne by the Contractor.[11]

Chapman contends that, pursuant to its Master Service Contract[12] with MC Offshore, as a contractor for MC Offshore, Chapman is a member of the "Company Group" as that term is defined in the APSI/MC Offshore MSC. As such, Chapman maintains that it is entitled to defense costs for the suit brought by Plaintiff, an APSI employee.

APSI does not dispute the contractual provisions cited above. However, APSI relies on the proposition that these provisions are null and void under the Louisiana Oilfield Indemnification Act ("LOIA").

---

[11] *Id.* at p. 19, ¶ 10.
[12] Rec. Doc. No. 37-3.

## IV.    APPLICATION OF LOIA

Notwithstanding the Court's ruling that the LOIA is inapplicable in the instant case,[13] APSI's opposition still fails because the facts of this case trigger the exception to the LOIA.  In *Meloy v. Conoco, Inc.*,[14] the Louisiana Supreme Court found that the Louisiana Oilfield Anti-Indemnity Act does not prohibit an indemnitee from recovering its costs of defense from its indemnitor if the indemnitee is found free from fault.  Further, the Louisiana Supreme Court found that the allegations in the Plaintiff's suit against the indemnitee are irrelevant.  Rather, it is the terms of the agreement which govern the obligations of the parties.  Moreover, the Fifth Circuit has noted the holding of *Meloy* and held that a party found free from fault may recover costs and attorney's fees as long as the contract provides for them.[15]

The MSC in this case provides that APSI is to defend the "Company Group," which includes Chapman, in an action arising out of the work covered by the contract. This Court has previously found that Chapman is not liable to the Plaintiff and is free from fault under any theories of negligence advanced by Plaintiff.  Thus, under *Meloy*, Chapman is entitled to seek defense costs from APSI as a faultless indemnitee.

---

[13] The Court has previously held the Louisiana Oilfield Indemnification Act ("LOIA") does not apply to this case under the test set forth by the Fifth Circuit in T*ranscontinental Gas Pipeline Corp. v. Transportation Insurance Co.*, 953 F.2d 985 (5th Cir. 1992).  It is undisputed in this case that the platform involved was for the commingling of other oil and gas from other wells, and that there was no active well on this platform. (Exhibit D, Interrogatory No. 5).
[14] 504 So.2d 833, 839 (La.1987).
[15] *See Perry v. Chevron U.S.A., Inc.*, 887 F.2d 624, 629 (5th Cir. 1989).

## V.     CONCLUSION

For the reasons set forth above, Chapman's *Rule 60 Motion for Relief from Judgment or Order*[16] is GRANTED under Rule 60(b)(1) and (6).  The Court's *Ruling*[17] granting APSI's *Motion for Summary Judgment* is hereby VACATED, and APSI's *Motion for Summary Judgment*[18] is DENIED for the reasons set forth herein.  All other aspects of the Court's *Ruling* are undisturbed.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana, on <u>August 19, 2015</u>.

*[signature]*

**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[16] Rec. Doc. No. 52.
[17] Rec. Doc. No. 50.
[18] Rec. Doc. No. 32.